UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ROBERT SMITH, )
)
          Plaintiff, )
vs. ) 1:10-cv-01706-WTL-TAB
)
PENSKE CHEVROLET, )
)
          Defendant. )

**Entry Discussing Motion for Judgment on the Pleadings**

For the reasons explained in this Entry, the motion for judgment on the pleadings of defendant D. Young Chevrolet, LLC, dba Penske Chevrolet, hereafter referred to as "Penske," must be granted.

**Applicable Standard**

Penske seeks judgment on the pleadings pursuant to Rule 12(c) of the *Federal Rules of Civil Procedure.*

Courts apply the Fed.R.Civ.P. 12(b)(6) standard when ruling on 12(c) motions. *Guise v. BMW Mortg., LLC,* 377 F.3d 795, 798 (7th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558; *see also Hefferman v. Bass,* 467 F.3d 596, 600 (7th Cir. 2006) (if a plaintiff pleads facts which preclude recovery, then he has pled himself out of court).

**Discussion**

Smith's complaint is filed pursuant to various discrimination statutes, including a claim of retaliation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, and pursuant to 42 U.S.C. § 1981(a). Penske's motion for judgment on the pleadings seeks resolution of only these claims and Penske is correct that these claims are subject to dismissal based on the fact of the complaint.

The claim of retaliation in the lawsuit was not asserted in, nor is it within the scope of the charge of discrimination filed with the Equal Employment Opportunity Commission. Accordingly, that claim cannot be maintained here. *Geldon v. South Milwaukee School Dist.,* 414 F.3d 817, 819 (7th Cir. 2005)("A Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'")(quoting *McKenzie v. Illinois Department of Transportation,* 92 F.3d 473, 481 (7th Cir. 1996).

As to the claim pursuant to section 1981, a plausible claim must include the allegation that he is a member of a protected class. *Fane v. Locke Reynolds,* LLP, 480 F.3d 534, 538 (7th Cir. 2007). Smith's charge of discrimination attached to his complaint identifies his race as "white." This disclosure is incompatible with a viable claim under Section 1981.

### Conclusion and Further Proceedings

Penske's motion for judgment on the pleadings [13] is **granted.** No partial final judgment shall issue at this time as to the claims resolved in this Entry.

The parties shall submit a proposed case management plan **not later than July 20, 2011,** and shall incorporate in such document the **deadline of October 14, 2011, for the filing of any further dispositive motions.** Other deadlines shall be proposed consistent with the October 14th deadline.

Penske shall be correctly identified in the caption as D. Young Chevrolet, LLC, dba Penske Chevrolet, and the docket and future filings shall reflect this correction.

**IT IS SO ORDERED.**

Date: 06/23/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Robert Smith
13156 Dekoven Drive
Fishers, IN 46037

Jeffrey B. Halbert
STEWART & IRWIN, P.C.
Jhalbert@silegal.com